**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC ZIMMERMAN, | ) | CASE NO. SA CV 14-00647 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Eric Zimmerman seeks review of the Social Security Commissioner's decision denying his application for disability benefits.  Plaintiff challenges only the finding that he can perform his past relevant work as a sales clerk, on the grounds that the Administrative Law Judge rejected a portion of the examining physician's opinion.  This argument is unpersuasive.

The Administrative Law Judge gave "great weight to the opinion of the consultative examiner, Concepcion Enriquez M.D., who after personally examining the claimant opined the claimant could generally perform light work with occasional bending, stooping and twisting."  [AR 20]  Even though the Administrative Law Judge acknowledged this opinion and gave it great weight, Plaintiff says that the Administrative Law Judge "rejected" it because he did not include any statement about twisting in his articulation of the Plaintiff's residual functional capacity.

The Administrative Law Judge was not even required to discuss every piece of evidence, *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003), and certainly not to reconcile every "shred" of medical evidence that might be conflicting. *Miles v. Harris*, 625 F.2d 122, 124 (2d Cir. 1981). Rather, his obligation was to make full and detailed findings on issue critical to his decision. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981); *Albalos v. Sullivan*, 907 F.2d 871, 873 (9th Cir. 1990). This task he fulfilled.

The burden rested on Plaintiff to show that he was disabled through Step 4 of the sequential evaluation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Plaintiff has not shown that he could not perform his past relevant work. Plaintiff was represented by counsel at the administrative hearing, but counsel did not object to the hypothetical questions asked of the vocational expert, nor did he pose additional hypothetical questions of his own. Nor does counsel in this Court present any reason to believe that adding to the residual functional capacity the limitation that Plaintiff could twist, but only occasionally (that is, up to one-third of the time on a job, *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001)), would in any way mean that he could not perform the job of sales clerk, as it is generally performed in the economy.[1]

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED:  January 26, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

---

[1]     The Court notes that Plaintiff testified that he had no difficulty dressing himself [AR 38], an activity that can involve twisting.